IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DR. MARTEZE D. HAMMONDS, | ) |
| *Plaintiff*, | ) ) |
| v. | ) Case No. 1:24-cv-01669-SEB-MG |
| BOARD OF TRUSTEES OF PURDUE UNIVERSITY, in their official capacities, | ) ) ) ) |
| *Defendant*. | ) ) |

## CASE MANAGENT PLAN

**Parties and Representatives**

A. Plaintiff, Dr. Marteze D. Hammonds

   Defendant, Board of Trustees of Purdue University

B. Counsel for Plaintiff        Faith E. Alvarez
                                Alvarez Legal LLC
                                5625 German Church Road, Suite 3244
                                Indianapolis, IN 46235
                                317-943-3116
                                faith@faithalvarez.com

   Counsel for Defendant        John R. Maley
                                Colleen E. Schade
                                BARNES & THORNBURG LLP
                                11 South Meridian Street
                                Indianapolis, IN 46204
                                Telephone:      (317) 236-1313
                                Facsimile:      (317) 231-7433
                                Email:      jmaley@btlaw.com
                                            colleen.schade@btlaw.com

II. **Jurisdiction and Statement of Claims**

   A. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C § 1331.

1

  B. Plaintiff's Synopsis: Plaintiff alleges that he was disparately disciplined by Defendant based on his race as an African American. When he complained to Defendant about race discrimination, he suffered retaliatory discipline, and then he suffered retaliatory discipline again for filing a complaint with the EEOC against Defendant. Plaintiff is Defendant's only African American employee on a senior level at his campus and his similarly situated colleagues outside his protected category who engaged in similar behavior were treated more favorably.

  C. Defendant's Synopsis: Defendant denies that it violated Title VII of the Civil Rights Act of 1964, Section 1981 or any other law. Defendant further denies that Plaintiff has suffered any damages as a result of any actions by Defendant. As such, Defendant denies all of Plaintiff's allegations and asserts that Plaintiff is not entitled to any relief. Defendant also points the Court to its affirmative defenses set forth in its Answer to the Complaint.

**III. Pretrial Pleadings and Disclosures**

  A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **January 24, 2025.**

  B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **January 31, 2025.**

  C. Defendant(s) shall file preliminary witness and exhibit lists on or before **February 7, 2025.**

  D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **February 24, 2025.**

  E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **February 24, 2025.** Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal. Counsel to copy the magistrate judge's chambers with demands and responses (MJGarcia@insd.uscourts.gov).

  F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 24, 2025**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff(s) serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **October 24, 2025**.

  G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served

    the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.     Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **November 1, 2025.** Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.     All parties shall file and serve their final witness and exhibit lists on or before **November 24, 2025**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     <u>Discovery of electronically stored information ("ESI")</u>. The parties have discussed preservation and disclosure of electronically stored discovery information. At this time, the parties do not believe the electronic discovery efforts in this matter to be out of the ordinary from what has been the standard electronic discovery practice for such actions, involving limited employment claims and a limited scope in terms of electronic data to be sought.

    1.     **Nature of Production of ESI.** The parties agree to produce electronic or hard copies of all requested electronic data when available, absent any privileges or objections which would preclude or protect such data from being disclosed. The parties reserve the right to withhold any discovery documents/data based on a known privilege or objection. If the parties choose to produce documents in an electronic format, such format shall be via .pdf file. If the receiving party determines, in good faith, that disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request that an electronic, native copy, including metadata as appropriate, be provided to it, and the producing party may object to such a production. Any extraordinary costs for duplication shall be allocated to the requesting party.

    2.     **Unintentional Disclosure of Privileged Documents.** To the extent that counsel for a disclosing party receives electronic discovery materials from its client and the discovery materials themselves do not contain any privileged communications, counsel for the disclosing party may forward such electronic discovery materials to opposing counsel by e-mail without waiving the attorney-client privilege as to the underlying attorney-client communication (if

    applicable) and/or as to any other communications between the client and attorney that may be protected by privilege. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

    3.    **Preservation of Data.** The parties will make every reasonable effort to preserve all electronic data relevant to either party's claims or defenses.

    4.    **Scope of Discovery/Format of Production.** The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve.

    5.    **Additional Issues.** At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

## IV.   Discovery[1] and Dispositive Motions

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

    B.    **Yes.** Defendant anticipates filing a Motion for Summary Judgment on all of Plaintiff's claims. Defendant's Answer also asserts various defenses upon which some of or all

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

of Plaintiff's claims (and/or all or part of his request for damages) could be disposed of via summary judgment.

C. On or before **July 31, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

   __X__ Track 2: Dispositive motions are expected and shall be filed by **September 24, 2025;** non-expert witness discovery and discovery relating to liability issues shall be completed by **July 24, 2025**; expert witness discovery and discovery relating to damages shall be completed by **December 24, 2025**. All remaining discovery shall be completed by no later than 16 months from Anchor Date.

   Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in **June of 2025.**

VI. **Trial Date**

The parties request a trial date in **March 2026**. The trial is by jury and is anticipated to take 2-3 days.

VII. **Referral to Magistrate Judge**

   A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

   B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

   A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

5

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer

       additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.     File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.     Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

Defendant anticipates filing a Motion to Transfer Venue to the Northern District of Indiana for Convenience Pursuant to 28 U.S.C. § 1404 (a).

Respectfully submitted,

/s/     Faith E. Alvarez
Faith E. Alvarez
Alvarez Legal LLC
5625 German Church Road, Suite 3244
Indianapolis, IN 46235
317-943-3116
faith@faithalvarez.com

*Counsel for Plaintiff*


*/s/ Colleen E. Schade*
John R. Maley
Colleen E. Schade
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone:         (317) 236-1313
Facsimile:         (317) 231-7433
Email:         jmaley@btlaw.com
                colleen.schade@btlaw.com

Counsel for Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. BEFORE MAGISTRATE JUDGE _____. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR<br><br>_____ BY VIDEO, LINK TO BE PROVIDED BY SEPRATE ORDER |
|   | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY _____ |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN 9/24/2025 DISCOVERY by 7/24/2025 |

    Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

    **APPROVED AND SO ORDERED.**

Date: 12/18/2024

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:
To ECF Counsel of Record